In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00087-CV


______________________________




MICHAEL GOWAN, Appellant



V.



TEXAS DEPARTMENT OF CRIMINAL JUSTICE, ET AL., Appellees




 


On Appeal from the 202nd Judicial District Court


Bowie County, Texas


Trial Court No. 00C1133-202




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Morriss



O P I N I O N



 Michael Gowan appeals the dismissal of his suit against the Texas Department of Criminal
Justice (TDCJ), "David Dean: Officer Doe: [and] Captain Scott." Because this appeal duplicates
another appeal docketed in this Court, we dismiss the appeal.

 Gowan, an inmate in the TDCJ, sued the defendants alleging they lost his property when he
was moved from the Terrell Unit to the Telford Unit. Gowan alleged a cause of action under the
Texas Theft Liability Act, alleged the defendants denied him access to the courts, and alleged the
defendants retaliated against him for filing a grievance.

 The TDCJ and Dean moved to dismiss Gowan's suit as frivolous under Tex. Civ. Prac. &
Rem. Code Ann. § 14.003 (Vernon Supp. 2002). On May 14, 2002, the trial court dismissed the suit
as frivolous. On May 30, 2002, Gowan filed a notice of appeal. On June 12, 2002, the defendants
filed a motion to reform the judgment, alleging their motion to dismiss challenged some, but not all,
of Gowan's claims. On June 18, 2002, the trial court issued another order of dismissal limited to
certain specific claims. On June 24, 2002, the trial court issued an order vacating its May 14 order
dismissing Gowan's suit. On June 26, 2002, the trial court issued another order of dismissal, which
essentially mirrored its May 14 order. On July 17, 2002, Gowan filed another notice of appeal,
which was docketed in this Court as cause number 06-02-00156-CV.

 Under Rule 26.1(a), a party must file a notice of appeal within thirty days of when the trial
court signs the judgment. Tex. R. App. P. 26.1(a). Therefore, Gowan's May 30 notice of appeal was
timely as to the trial court's May 14 order of dismissal.

 Under Rule 329b, a party must file a motion to reform the judgment within thirty days of
when the trial court signs the judgment, and such timely filed motion extends the trial court's plenary
power for one hundred and five days after the trial court signs the judgment. Tex. R. Civ. P. 329b(a),
(c), (e), (g). Therefore, Gowan's June 12 motion to reform the judgment was timely as to the trial
court's May 14 order of dismissal, and each of the trial court's following orders was made within its
plenary power: (1) its June 18 order of dismissal, which reformed its May 14 order of dismissal; (2)
its June 24 order vacating its May 14 order of dismissal (though the June 24 order was unnecessary
in light of its June 18 order of dismissal); and (3) its June 26 order of dismissal.

 Gowan's July 17 notice of appeal was timely as to the trial court's June 26 order of dismissal,
but it was also unnecessary. Under Rule 27.1(a), Gowan's May 30 notice of appeal is effective as
to the June 26 order of dismissal and is deemed filed on that day, but after the trial court signed the
order. See Tex. R. App. P. 27.1(a). Further, the June 27 order of dismissal, like the May 14 order
of dismissal, is a final judgment, as it purports to dispose of all claims and all parties. See Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 200 (Tex. 2001).

 It appears, therefore, that both this appeal and the appeal docketed in this Court as cause
number 06-02-00156-CV pertain to the same subject. Insofar as the records in both appeals are
identical and Gowan's brief has been filed in cause number 06-02-00156-CV, we conclude this
appeal should be dismissed.

 The appeal is dismissed.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: November 12, 2002

Date Decided: November 13, 2002


Do Not Publish



serif">                                                                                    Chief Justice
 
Date Submitted:          November 4, 2004
Date Decided:             November 5, 2004

Do Not Publish